**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **BRANDON ALLEN BOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 5:19-00089** |
| **v.** | ) | |
| | ) | |
| **BRITTANY FOSTER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendants' Motions to Dismiss, and in the Alternative, Motions for Summary Judgment (Document Nos. 22, 27, 34) as moot.

**PROCEDURE AND FACTS**

On February 5, 2019 and May 22, 2019, acting *pro se,* filed his Applications to Proceed Without Prepayment of Fees. (Document Nos. 1 and 9.) On June 7, 2019, Plaintiff filed his Amended Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 14.) As Defendants, Plaintiff names the following: (1) Brittany Foster, Head Administrator of Prime Care Medical at the Southern Regional Jail; (2) Mike Francis, Superintendent of the Southern Regional Jail; and (3) Sargent Nicholas Burton, Southern Regional Jail. (Id., p. 2.) Specifically, Plaintiff alleges that Defendants provided inadequate medical care for his broken jaw in violation of his constitutional rights. (Id.) Plaintiff explains that on July 26, 2017, Plaintiff was assaulted by three inmates around 10:30 p.m. in B-Pod, Section 1, at the Southern

1

Regional Jail ["SRJ"]. (Id.) Plaintiff states that he was escorted to medical by a Correctional Officer. (Id.) Once in medical, Plaintiff complains that Defendant Burton questioned Plaintiff about the altercation. (Id.) Plaintiff states that Defendant Burton then "began speaking to the nurse on duty that night, and they discussed what they were going to do with me." (Id.) Plaintiff alleges that Defendant Burton told the nurse "that if [Plaintiff] was sent to the hospital, they would just send [him] right back since 'there is nothing they can do for him.'" (Id.) Plaintiff states that he was then housed in the medical unit cell with three other inmates. (Id.) Plaintiff alleges that he had to sleep in the floor near the toilet because there were no open bunks. (Id.) Plaintiff states that an x-ray was conducted the next day revealing that Plaintiff's jaw was broken in two places. (Id.) Plaintiff claims that he was returned to the medical cell for seven days until he was transported to CAMC General Hospital in Charleston, West Virginia. (Id.) Plaintiff acknowledges that he underwent surgery on August 1, 2017, and he was then transported back to SRJ with a prescription for Ibuprofen and Amoxicillin (an antibiotic). (Id.) Plaintiff complains that between August 2, 2017, and August 21, 2017, he "wasn't given [his] medication correctly" resulting "in a severe infection on my bone and plates." (Id.) Plaintiff states that a cyst formed on the outside of his jaw. (Id.) Plaintiff states that once he was released from SRJ, Plaintiff sought treatment from MedExpress in Lewisburg, West Virginia, where he was prescribed Bactrim (an antibiotic) and x-rays were performed. (Id., p. 3.) Plaintiff states that he then sought dental care from Maxwelton Health and Fitness Center, where he was instructed to follow-up with CAMC because his jaw "broke right at a tooth and could not heal properly." (Id.) Plaintiff alleges that he underwent a second surgery at CAMC and "the bone had to be scraped due to infection and one of [his] teeth had to be pulled out." (Id.) Plaintiff alleges that Defendants acted with deliberate indifference by failing to immediately transport him to an outside hospital for treatment, placing him in a medical

2

cell with unsanitary conditions, and failing to administrator his medication properly following his initial surgery. (Id.) As relief, Plaintiff requested monetary damages. (Id., pp. 3 – 4.)

By Order entered on August 13, 2019, the undersigned granted Plaintiff's Applications to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 15.) The Clerk issued process on the same day. (Document No. 16.) On September 6, 2019, Defendants Francis and Burton filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 22 – 23.) In their Motion, Defendants first argue that "Plaintiff's claims against these Defendants asserting Fifth Amendment violations must be dismissed as a matter of law." (Document No. 23, pp. 4 – 5.) Second, Defendants argue they were not "persons" under Section 1983 because they were acting as State officials, and they are entitled to Eleventh Amendment immunity." (Id., pp. 5 – 9.) Third, Defendants argue that "Plaintiff has failed to state a claim which would overcome the privilege of qualified immunity and has failed to allege sufficient facts to state a claim for deliberate indifference under the Eighth Amendment." (Id., pp. 9 – 14.) Finally, Defendants argue that Plaintiff has failed to exhaust his administrative remedies. (Id., p. 14.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on September 9, 2019, advising him of the right to file a response to Defendant's Motion to Dismiss. (Document No. 25.)

On October 7, 2019, Defendant Foster filed her Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum in Support. (Document Nos. 27 and 28.) Defendant Foster argues that Plaintiff's Amended Complaint should be dismissed based on the following: (1) Plaintiff failed to state a claim upon which relief can be granted (Document No. 28, pp. 2 – 3); (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 3 – 6.); (3) Plaintiff failed to comply with the requirements of the MPLA (Id., pp. 6 – 8.); and (4) "Plaintiff's claims

3

do not meet the legal threshold for a viable Eighth Amendment claim" (Id., pp. 8 – 11.). Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on September 9, 2019, advising him of the right to file a response to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Document No. 29.)

On October 31, 2019, Plaintiff filed a "Motion to Grant Continuance" seeking an extension of time in which to file his Responses. (Document No. 31.) In support of his Motion, Plaintiff stated as follows: (1) Plaintiff is currently incarcerated at Pruntytown Correctional Center and is currently attending the R-SAT program; (2) Plaintiff will complete the R-SAT program on December 19, 2019, and he will be released the following week; and (3) Upon his release, Plaintiff wishes to seek and retain counsel for the foregoing case. (Id.) By Order entered on November 1, 2019, the undersigned granted Petitioner an extension of time until January 31, 2020. (Document Nos. 32 and 33.)

On February 12, 2020, Defendant Foster filed her "Renewed Motion to Dismiss Complaint and Alternative Motion for Summary Judgment." (Document No. 34.) Defendant Foster noted that Plaintiff's deadline to file his Response to Defendant Foster's Motion requesting dismissal has now passed and Plaintiff has filed no response. (Id.) Despite being warned by the Court in accordance with <u>Roseboro</u> that inaction could result in dismissal of his Amended Complaint, Plaintiff did not file a response to Defendants' Motions requesting dismissal. After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on February 13, 2020, directing Plaintiff to "show cause in writing on or before March 2, 2020, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 35.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no

4

need to consider the merits of the pending Motions to Dismiss, or in the Alternative, Motion for Summary Judgment. (Id.) Plaintiff has made no contact with this Court since October 31, 2019. (Document No. 31.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Although Plaintiff filed a motion for extension of time on October 31, 2019, Plaintiff has done absolutely nothing since that time to demonstrate his interest in prosecuting this action. (Document No. 31.) Plaintiff failed to take action despite the Court's Roseboro Notices (Document Nos. 25 and 29), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 35). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants Francis and Burton have filed a Motion to Dismiss and Defendant Foster has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, there is no indication that Defendants have expended sufficient time or resources defending Plaintiff's action.

Defendants Francis and Burton's Motion to Dismiss mainly relies upon their arguments that Plaintiff failed to state a claim, Defendants are entitled to immunity, and Plaintiff failed to exhaust his administrative remedies. Defendant Foster's Motion mainly relies upon her arguments that Plaintiff failed to state a claim, Plaintiff failed to comply with the MPLA requirement prior to filing suit, and Plaintiff failed to exhaust his administrative remedies.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for approximately five months.[2] This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in

---

[2] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

view of Plaintiff's failure to respond to the <u>Roseboro</u> Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 14) without prejudice, **DENY as moot** Defendants Francis and Burton's Motion to Dismiss (Document No. 22), **DENY as moot** Defendant Foster's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 27), **DENY as moot** Defendant Foster's Renewed Motion to Dismiss Complaint and Alternative Motion for Summary Judgment (Document No. 34), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

---

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: March 11, 2020.

Omar J. Aboulhosn
United States Magistrate Judge