UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BRANDON ALLEN BOYD,

    Plaintiff,

v.                                       CIVIL ACTION NO. 5:19-cv-00089

BRITTANY FOSTER and
MIKE FRANCIS and NICHOLAS BURTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Brandon Allen Boyd's Amended Complaint [Doc. 14], filed June 7, 2019. Also pending are Defendants Mike Francis and Nicholas Burton's Motion to Dismiss Plaintiff's Complaint [Doc. 22], Defendant Brittany Foster, RN's Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 27], and Renewed Motion to Dismiss Complaint and Alternative Motion for Summary Judgment by Defendant Foster [Doc. 34].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of Proposed Findings and a Recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on March 11, 2020. Magistrate Judge Aboulhosn recommended that the Court dismiss the action without prejudice, deny the Defendants' dispositive motions as moot, and remove this matter from the Court's docket [Doc. 37].

**I.**

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

§ 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Mr. Boyd's objections are well beyond the time permitted under governing law, having been received on May 28, 2020 [Doc. 42].

## II.

Inasmuch as the procedural history of this matter is pertinent to Mr. Boyd's objections, the Court will briefly summarize the relevant history. Mr. Boyd instituted this action on February 5, 2019, claiming entitlement to relief pursuant to 42 U.S.C. § 1983. On February 15, 2019, Magistrate Judge Aboulhosn entered an order notifying Mr. Boyd that if he wanted to proceed with his claim, he was required to name "persons" as defendants and to state facts as to how each defendant violated his constitutional rights by March 19, 2019 [Doc. 4]. Mr. Boyd did not file an Amended Complaint by the deadline. Thus, on March 27, 2019, Magistrate Judge Aboulhosn ordered Mr. Boyd to show cause as to why the case should not be dismissed on or before April 26, 2019. Mr. Boyd filed a Motion for Extension of Time on April 4, 2019, which

was granted and extended the deadline to May 20, 2019. On May 22, 2019, Mr. Boyd filed his amended complaint.

As noted, the subject dispositive motions were filed by both Ms. Foster (response deadline of November 12, 2019) and Mr. Francis and Mr. Burton (response deadline of October 10, 2019). Mr. Boyd failed to respond by either deadline. He moved for an extension of time on October 31, 2019, following the expiration of his time to respond. Magistrate Judge Aboulhosn generously extended the response deadline to January 31, 2019. Mr. Boyd again failed to comply. Ms. Foster renewed her motion to dismiss on February 12, 2020.

### III.

Pursuant to Federal Rule of Civil Procedure 41(b), an action may be dismissed for failure to prosecute sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) ("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'"). Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the district court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and
> (iv) the existence of a sanction less drastic than dismissal.

*Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Mr. Boyd objects generally to the involuntary dismissal of his case. In addition to stating he is seeking counsel—which he has been doing for at least four (4) months without success—Mr. Boyd alleges (1) he was released from Pruntytown Correctional Facility on January 3, 2020, (2) he stayed with his grandmother for two weeks before becoming homeless, and (3) he was unable to find a place to stay because "the COVID-19 Pandemic broke out and nobody would allow [him] to stay with them or rent [him] a place." [Doc. 42]. Ultimately, Mr. Boyd violated parole and was returned to Southern Regional Jail. The West Virginia Regional Jail and Correctional Facility Authority inmate locator tool discloses that he is presently incarcerated and not due for release until October 13, 2025. Mr. Boyd further alleges "[he] had not received a copy of the motion filed to dismiss." *Id.* But the motion to which he refers was simply the renewed motion to dismiss filed by Ms. Foster on February 12, 2020. He would have received this document, as he did the predecessor dispositive motions, but for the fact he neglected to advise the Clerk respecting his new address following his parole.

Read liberally, Mr. Boyd claims his failure to prosecute his case was attributable to factors beyond his control. The argument is meritless. The difficulties about which he complains following his parole materialized in 2020. The motions to which he failed to respond, however, were filed, respectively, on September 6 and October 7, 2019. Furthermore, the Magistrate Judge extended his time to respond, on November 1, 2019, until January 31, 2020. None of the aforementioned documents were returned by the United States Postal Service. Mr. Boyd thus had an awareness of the dispositive motions filed in 2019, along with the generously extended deadline, but simply ignored the Magistrate Judge's order. Indeed, to date, Mr. Boyd has not responded to the Defendants' dispositive motions.

Regarding the remaining factors, the Defendants have been prejudiced by the long delay resulting from Mr. Boyd's pattern of defaults, resulting in the filing of multiple documents beyond their dispositive motions in attempts to end the litigation. Further, there is, as noted, an abundance of events giving rise to the existence of a history of deliberately proceeding in a dilatory fashion. Finally, that very history indicates that other sanctions will be ineffective. Despite multiple events that might have earlier led to the dismissal of this case (failing to respond to the dispositive motions or file timely objections to the PF&R), Mr. Boyd's carelessness and neglect were undeterred.

Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Mr. Boyd's case should be dismissed for failure to prosecute.

### IV.

For these reasons, the Court **ADOPTS** the PF&R [**Doc. 37**], **DISMISSES** the Amended Complaint without prejudice [**Doc. 14**], **DENIES** as moot the pending dispositive motions [**Docs. 22, 27, 34**], and **ORDERS** this matter stricken from the Court's docket.

The Court directs the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTERED: September 28, 2020



Frank W. Volk
United States District Judge